# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S   A T   L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

July 12, 2016

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

> Re:  *Margarito Tlacopilco v. Mamoun's Fast Food Caterers, Inc.  d/b/a*
> *Mamoun's Falafel, et al.*, 16 Civ. 1254 (VSB)(KNF)

Dear Judge Broderick:

We represent plaintiff Margarito Tlacopilco ("plaintiff") in the above-referenced wage and hour action.  Together with defense counsel, the parties submit this joint letter-motion requesting that the Court reconsider its Order dated June 29, 2016 (ECF No. 21), and, upon reconsideration, dismiss this action without prejudice.

## I.     The Parties Have the Right to Dismiss this Case Without Prejudice Pursuant to Rule 41 (a)(1)(A)(ii)

Rule 41(a)(1)(A)(ii) provides that a plaintiff "may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared."  Dismissals under this Rule are without prejudice, unless otherwise specified.  F.R.C.P. 41(a)(1)(B).  In other words, the parties may stipulate to the dismissal of an action without prejudice, without the involvement of the Court.

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit considered whether the parties may dismiss an FLSA action with prejudice under Rule 41(a)(1)(A) in the absence of judicial oversight.  Ultimately, *Cheeks* "explicitly left open whether parties may settle FLSA cases without court approval or DOL supervision by entering into a Rule 41(a) stipulation *without* prejudice."  *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 U.S. Dist. LEXIS 151144, at *7 (S.D.N.Y. Nov. 6, 2015).  "As it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or [Department of Labor] supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice."  *Cheeks*, 796 F.3d at 201, n. 2.

Nothing in *Cheeks* or the FLSA forbids the dismissal of FLSA claims without prejudice; nor does *Cheeks* or the FLSA require a fairness hearing or other judicial oversight before a plaintiff can voluntarily dismiss his or her FLSA claim without prejudice.  *Cheeks* is specifically limited to dismissals with prejudice: "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims *with prejudice* require the approval of the district court or the DOL to take effect.  Requiring judicial or DOL approval of *such settlements* is consistent with what both the Supreme Court and our

Hon. Vernon S. Broderick
July 12, 2016
Page 2

Court have long recognized as the FLSA's underlying purpose." *Id.* at 206 (emphasis added). The words "such settlements" refer to settlements resulting in the dismissal with prejudice of FLSA claims. *See id.* This holding comports with the policies underlying the FLSA, because "such settlements" necessarily carry *res judicata* effects that bar employees from reasserting their FLSA claims against their current or former employers. Dismissals without prejudice have no such effect. Indeed, a defendant who agrees to dismiss a case without prejudice by stipulation assumes the risk that he can be sued again for the same claims arising out of the same set of facts. *See, e.g., Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) ("In the typical case of a Rule 41(a)(2) dismissal without prejudice, the plaintiff has obtained the unfettered right to renew the action against the defendant."); *Carrasco v. J.A. Health Trends Corp.*, No. 14 Civ. 2358 (NGG) (RLM), at *8 (E.D.N.Y. Dec. 4, 2014) ("Although the court has concluded that it cannot sanction a stipulated dismissal with prejudice, without additional information, it cannot be in the interest of justice to require Plaintiffs to continue to pursue claims that they no longer wish to prosecute in federal court. As a result, the court would permit dismissal without prejudice, which would not waive any claims.") (Garaufis, J.).

Since *Cheeks*, Judge Engelmayer has noted, on several occasions, that "parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require Court approval." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 U.S. Dist. LEXIS 7905, at *4 (S.D.N.Y. Jan. 21, 2016) (emphasis added); *see also, e.g., Beckert v. Rubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 6503832, at *3 (S.D.N.Y. Oct. 27, 2015); *Reynoso v. Norman's Cay Grp. LLC*, No. 15 CIV. 1352 (PAE), 2015 WL 10098595, at *2 (S.D.N.Y. Nov. 23, 2015). Virtually every court in the Southern and Eastern Districts of New York has joined Judge Engelmayer in authorizing the dismissal of FLSA claims without prejudice in the wake of *Cheeks* without judicial scrutiny or review. *See, e.g., Cho v. Four M. Franchising, LLC*, No. 16 Civ. 1613 (NSR), at *2 (S.D.N.Y. June 2, 2016) (ECF No. 42) (Roman, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Martinez v. Shalizar LLC*, No. 15 Civ. 3751 (ER), at *1 (S.D.N.Y. Nov. 23, 2015) (ECF No. 4) (Ramos, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Hankins v. Dinosaur Rests., LLC*, No. 15 Civ. 2272 (PAE), at *2 (S.D.N.Y. Oct. 23, 2015) (ECF No. 32) (Engelmayer, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Marciag v. Southern Blvd's Café Corp.*, No. 14 Civ. 10022 (WHP), at *1 (S.D.N.Y. Sept. 22, 2015) (ECF No. 27) (Pauley, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Cortes v. 347 Lex Bagel Corp.*, No. 15 Civ. 5783 (GHW), at *1 (S.D.N.Y. Sep. 8, 2015) (ECF No. 9) (Woods, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Wodolowski v. Bluehill Constr., Inc.*, No. 15 Civ. 4090 (AJN), at *1 (S.D.N.Y. July 7, 2015) (ECF No. 7) (Nathan, J.) (approving stipulation to dismiss without prejudice in FLSA case); *see also, e.g., Keane v. Michigan Logistics Inc. d/b/a Diligent Deliveries*, No. 15 Civ. 4595 (JMA) (AKT), at *1 (E.D.N.Y. June 22, 2016) (ECF No. 22) (Azrack, J.) (approving stipulation to dismiss without prejudice in FLSA case); *Cornielle v. FedEx Ground Package Sys., Inc.*, No. 15 Civ. 4211 (CLP) (E.D.N.Y. April 19, 2016) (ECF No. 22) (Pollak, J.) (approving stipulation to dismiss without prejudice in FLSA case).

To date, Judge Irizarry of the Eastern District of New York is the only outlier to the general proposition that the parties to an FLSA action can dismiss their case without prejudice or court supervision. Judge Irizarry's view is that "such a filing side-steps the

Hon. Vernon S. Broderick
July 12, 2016
Page 3

judicial review process and does not comport with the FLSA's 'primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees.'" *Calderon v. Congee Place, Inc.*, No. 15 Civ. 2402 (DLI) (LB), 2016 U.S. Dist. LEXIS 65287, at *2 (E.D.N.Y. May 13, 2016). However, this reasoning erroneously conflates the two types of dismissals under Rule 41. Unlike dismissals with prejudice, which permanently bar employees from asserting their rights against a set of defendants, dismissals without prejudice allow employees to retain the right to pursue their claims under the FLSA against the same set of defendants in future proceedings. Dismissals without prejudice in no way thwart the policies underlying the FLSA.

## II.     The Settlement in this Matter Does Not Release Plaintiff's FLSA Claims

The Court's June 29, 2016, Order points to the FLSA's underlying purpose—"to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work"—as basis for the conclusion that "[p]arties may not privately settle FLSA claims, with or without prejudice, absent the approval of the district court or the Department of Labor." The FLSA's remedial objective is not implicated, however, where a plaintiff does not waive his or her FLSA claim.

Here, plaintiff's FLSA claim remains intact after the parties' settlement. Not only is the purported voluntary dismissal without prejudice, but the parties' settlement agreement expressly provides that Tlacopilco is not releasing his FLSA claims. The Agreement states as follows:

> **The Parties understand, agree, and acknowledge that Plaintiff is not releasing Defendants from any claims arising under the FLSA.**

As such, even the concerns raised in Judge Irizarry's *Calderon* decision are not implicated in this case: Tlacopilco is free to pursue his FLSA claim against defendants in future proceedings. Whatever risk defendants are willing to accept by agreeing to dismiss plaintiffs' claims without prejudice is not the concern of Tlacopilco. Thus, the dismissal of this case without prejudice does not undermine the FLSA's objectives, or run counter to the spirit of the FLSA or *Cheeks*.

## III.    The Parties Have Voluntarily Chosen This Approach

The parties here were both represented by counsel experienced in wage and hour matters. There is no issue of an "unscrupulous employer" taking advantage of Tlacopilco. Judicial review of a voluntary dismissal does not promote the "remedial purpose" to avoid "the disparate bargaining power between employers and employees." Nothing in *Cheeks*, the FLSA, or the Federal Rules of Civil Procedure prohibits the parties from exercising their right to dismiss this case voluntarily and without prejudice.

Hon. Vernon S. Broderick
July 12, 2016
Page 4

       For the foregoing reasons, the parties request that the Court reconsider its Order
dated June 29, 2016, and, upon reconsideration, dismiss this action without prejudice.

                                        Respectfully submitted,

                                        Louis Pechman

cc:  Keya Denner, Esq. (via ECF)

4