# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between **MARGARITO TLACOPILCO** ("Plaintiff") and **MAMOUN FAST FOOD CATERERS, INC., CHATER BROTHERS LLC**, **NEDAL CHATER, GALAL CHATER, AND KINAN CHATER** (collectively, "Defendants") this 26th day of July 2016 (the "Effective Date").

**WHEREAS**, Plaintiff was employed, at various times, by Mamoun Fast Food Caterers, Inc. and Chater Brothers LLC (collectively, "Mamoun's") from in or about 2008 through January 9, 2016;

**WHEREAS**, Plaintiff filed a lawsuit against Defendants entitled *Tlacopilco v. Mamoun Fast Food Caterers, Inc. et al.*, in the United States District Court, Southern District of New York, Civil Case No. 16-cv-1254 (the "Litigation"), asserting claims for unpaid wages and liquidated and statutory damages arising out of and relating to Plaintiff's former employment with the Defendants;

**WHEREAS**, Defendants deny any liability on any claims in the Litigation that were asserted, or could have been asserted, but wish to resolve this dispute to avoid the costs, burden, and uncertainty of litigation;

**WHEREAS**, the Plaintiff and the Defendants (collectively, the "Parties") recognize and agree that a bona fide dispute exists as to the amount of unpaid wages and overtime allegedly due to Plaintiff; and

**WHEREAS**, the Parties desire to settle and resolve those claims asserted in the Litigation, or those claims which could have been asserted in the Litigation, without admitting wrongdoing of any kind, and solely to avoid the fees and expenses resulting from litigation;

**NOW THEREFORE**, in consideration of the mutual promises, releases, and covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.   **Settlement Terms:**

(a)   <u>Settlement Payment</u>:   The Parties agree and acknowledge that a bona fide dispute exists as to the allegations contained in the Litigation, including the amount of unpaid wages and overtime allegedly due to Plaintiff, the method used to calculate the alleged overtime due, the statutes of limitations governing Plaintiff's alleged federal and state unpaid wage claims, the applicability of spread of hours pay, and the award of liquidated damages.   Defendants agree to pay Plaintiff a gross settlement amount of One-Hundred Thousand Dollars ($100,000.00) (the "Settlement Amount") as consideration for resolving all of the Parties' disputes, as set forth in Section 2 of this Agreement.

(b)   <u>Allocation of Settlement Payment</u>:   The Parties agree and stipulate that the Settlement Amount shall be allocated as follows:

(i)   The amount of sixty-six thousand four-hundred dollars and zero cents ($66,400.00) payable to Margarito Tlacopilco represents payment for any and all wages allegedly due to Plaintiff, including overtime, and liquidated damages.

(ii)   The amount of thirty-three-thousand six-hundred dollars and zero cents ($33,600.00) payable to Pechman Law Group PLLC represents payment for attorneys' fees and costs.

(c)   <u>Payment Terms</u>:   Defendants shall pay the Settlement Amount by no later than seven (7) days after approval of the dismissal with prejudice set forth in Exhibit A.

2

2.     **Release:**  Plaintiff, on behalf of himself, his heirs, distributees, successors, assigns, beneficiaries, executors, administrators, and/or representatives, agrees irrevocably and unconditionally to release and forever discharge Defendants, their respective affiliates, subsidiaries, parents, officers, directors, shareholders, agents, current and former employees, successors and assigns, insurers, heirs, beneficiaries, executors, administrators, clients, and representatives (the "Releasees"), from:

(a)     Any claims set forth, or that could have been set forth, in the Litigation; and

(b)     All claims arising under the Fair Labor Standards Act ("FLSA"); 29 U.S.C. §§ 201 *et seq.*, New York Wage-Hour Law, Labor Law § 220, *et seq.* ("NYWH"), the New York Wage Payment Law, Labor Law §190, *et seq.*, and the New York Wage Theft Prevention Act ("WTPA").

3.     **Non-Admission of Liability:**  This Agreement and any statements made herein, and the promises and payments made pursuant to this Agreement are not, and shall not be deemed, an admission of liability or violation of any applicable law, contract provision, rule, regulation, or benefit plan, or an admission of any liability or wrongdoing whatsoever, or waiver of any defenses Defendants had or may have had in the Litigation.  Defendants expressly deny any such liability or violation.

4.     **Taxes:**  All payments to Plaintiff under this Agreement shall be made without withholding and shall be reported on an IRS Form 1099.   Plaintiff acknowledges and agrees that he will be solely responsible for his portion of all taxes, interest, and penalties due with respect to the payment made to him pursuant to this Agreement and will indemnify, defend, and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees, and other costs imposed on

3

Defendants as a result of Plaintiff's failure to timely pay any taxes that he owes as a result of such payment.

5.   **Consultation of Counsel**: Plaintiff represents that he has been fully and fairly represented by Pechman Law Group PLLC and that the attorneys' fees allocated in this Agreement are in accordance with the terms of the Retainer Agreement that he executed on January 15, 2016.

6.   **Dismissal of Litigation**:  Upon execution of this Agreement by the Parties, counsel for the Parties will execute and file with the Court a Stipulation of Dismissal With Prejudice.  If the Court, for whatever reason, does not accept the dismissal or approve this Agreement, this Agreement will be null and void and Defendants shall have no obligation to pay the Settlement Amount.

7.   **Counterparts:**   This Agreement may be executed in one or more counterpart originals, whether by facsimile or otherwise all of which, taken together, shall constitute one and the same instrument.  Facsimile or electronically transmitted signatures shall have the same force and effect as originals for all purposes.

8.   **Entire Agreement**:  The Parties hereby acknowledge and agree that this Agreement constitutes and contains the exclusive and entire agreement and understanding between them concerning the Litigation, Plaintiff's employment with Defendants, the termination thereof, the circumstances attendant thereto, and the other subject matters addressed herein between the parties, and supersedes all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the Litigation.

9.     **Modification**:  This Agreement may not be waived, changed, modified, abandoned, or terminated, in whole or in part, except by an instrument signed by an authorized representative of Defendants and by Plaintiff.

10.     **Severability**:  Should any provision of this Agreement be held to be illegal or unenforceable by a court of competent jurisdiction, it shall be deemed severed from the Agreement, and the remaining provisions shall remain fully enforceable.

11.     **Reconocimiento en Español (Spanish Acknowledgment)**:     El Demandante representa que su idioma materno es el español y que sus abogados de Pechman Law Group PLLC han repasado todos los términos de este Acuerdo con él en español.  El Demandante ha entendido todos los términos de este Acuerdo, y los acepta voluntariamente al firmar el Acuerdo.  (Plaintiff represents that his primary language is Spanish and that Plaintiffs' counsel, Pechman Law Group PLLC, has reviewed all terms of this Agreement with him in Spanish.  Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by signing below.)

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date first written above.

**PLAINTIFF:**

_____
Margarito Tlacopilco

Dated: 7/28/16

**DEFENDANTS:**

**Mamoun Fast Food Caterers, Inc.**

By:_____

Dated:_____

5

9.    **Modification**: This Agreement may not be waived, changed, modified, abandoned, or terminated, in whole or in part, except by an instrument signed by an authorized representative of Defendants and by Plaintiff.

10.    **Severability**: Should any provision of this Agreement be held to be illegal or unenforceable by a court of competent jurisdiction, it shall be deemed severed from the Agreement, and the remaining provisions shall remain fully enforceable.

11.    **Reconocimiento en Español (Spanish Acknowledgment)**: El Demandante representa que su idioma materno es el español y que sus abogados de Pechman Law Group PLLC han repasado todos los términos de este Acuerdo con él en español. El Demandante ha entendido todos los términos de este Acuerdo, y los acepta voluntariamente al firmar el Acuerdo. (Plaintiff represents that his primary language is Spanish and that Plaintiffs' counsel, Pechman Law Group PLLC, has reviewed all terms of this Agreement with him in Spanish. Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by signing below.)

**IN WITNESS WHEREOF,** the Parties have executed this Settlement Agreement as of the date first written above.

**PLAINTIFF:**                                     **DEFENDANTS:**

                                                   **Mamoun Fast Food Caterers, Inc.**


_____              By:_____
Margarito Tlacopilco


Dated:_____              Dated:__7/27/16_____

5

**Chater Bros, LLC**

By: _____

Dated: _____7/27/16_____

_____
Galal Chater

Dated: _____7/27/16_____

_____
Kinan Chater

Dated: _____7/27/16_____

_____
Nedal Chater

Dated: _____7/27/16_____

6

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARITO TLACOPILCO,

                      Plaintiff,

  -against-

MAMOUN FAST FOOD CATERERS, INC. d/b/a
MAMOUN'S FALAFEL, CHATER BROTHERS
LLC d/b/a MAMOUN'S FALAFEL, NEDAL
CHATER, GALAL CHATER, and KINAN
CHATER,

                      Defendants.
-------------------------------------------------------------X

**16 Civ. 1254 (VSB)**

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

       **PLEASE TAKE NOTICE** that Plaintiff Margarito Tlacopilco and Defendants

Mamoun Fast Food Caterers, Inc. d/b/a Mamoun's Falafel, Chater Brothers LLC d/b/a

Mamoun's Falafel, Nedal Chater, Galal Chater, sand Kinan Chater, by their respective

undersigned counsel and pursuant to Rule 41 Federal Rule of Civil Procedure, stipulate

that all of Plaintiff's claims in this action are dismissed with prejudice. The Parties

further stipulate and agree that this Court shall retain jurisdiction over this matter for

purposes of enforcement of their settlement agreement.

Dated:  New York, New York
       July _____, 2016

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman, Esq.
    488 Madison Avenue
    New York, NY 10022
    (212) 583-9500
    *Attorneys for Plaintiff*

NORRIS MCLAUGHLIN & MARCUS, P.A.

By: _____
    Keya Denner, Esq.
    721 Route 202-206
    Bridgewater, NJ 08807
    (908) 922-0700
    *Attorneys for Defendants*

SO ORDERED.

_____
Vernon S. Broderick, U.S.D.J